IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MARK and TABITHA GRAVELY, | : | HON. JEROME B. SIMANDLE |
| Plaintiffs, | : | Civil No. 09-5435 (JBS-JS) |
| v. | : | |
| | : | **MEMORANDUM OPINION** |
| WABASH NATIONAL CORPORATION, et al., | : | |
| Defendants. | : | |

**SIMANDLE**, District Judge:

This matter is before the Court on a motion by Plaintiffs to voluntarily dismiss the action without prejudice [Docket Item 22] and upon the motion of Defendant Wabash National Corporation for summary judgment. [Docket Item 26.]  THE COURT FINDS AS FOLLOWS:

1. Plaintiffs allege that on October 15, 2008, Plaintiff Mark Gravely was injured in a van trailer manufactured by either Defendant Wabash National Corporation or Defendant Monon Corporation.[1]  (Compl. ¶¶ 8-12, 18.)  Plaintiffs claim liability for Plaintiff Mark Gravely's injuries based on theories of negligence, strict products liability, breach of warranty, and loss of consortium.  (Id. ¶¶ 17-33.)  Plaintiffs filed their complaint on October 22, 2009.

---

[1] There is no indication that Defendant Monon has been served with process or entered an appearance in this case, and the 120-day period for service under Fed. R. Civ. P. 4(m) expired on February 20, 2010.  Thus, Defendant Wabash is the only remaining defendant.

2. On December 1, 2009, Defendant Wabash answered the complaint. [Docket Item 4.]

3. After the second scheduling conference on May 7, 2010, Magistrate Judge Schneider ordered Plaintiffs to complete discovery regarding the identity of the trailer (and the trailer's manufacturer) by August 9, 2010.  [Docket Item 12.]

4. On August 10, 2010, Plaintiffs moved to voluntarily dismiss the present action without prejudice.  In their motion, Plaintiffs indicated that they have been unable to discover evidence identifying the trailer in the present action and attested that "failure of product identification is fatal to Plaintiffs' cause of action."  (Pls. Mot. Dismiss ¶¶ 2-3.) Despite their inability to identify the trailer within the discovery deadline set in the May 7, 2010 scheduling order, Plaintiffs request that their action be dismissed without prejudice because they believe it may still be possible to discover the identity of the trailer in a potential subsequent state court action against Plaintiff Mark Gravely's former employer, who is not a party to the present action.  (Id. ¶ 5.)

5. On August 17, 2010, Defendant Wabash moved for summary judgment based on Plaintiffs' inability to identify the specific trailer or its manufacturer.[2]  (Def. Br. Supp. Mot. for Summ. J.

---

[2] Because the Court will grant Plaintiffs' motion to dismiss, we will deny Defendant's motion for summary judgment as moot in the accompanying order.

at 4.)  [Docket Item 26.]

  6. On August 19, Defendant Wabash responded in opposition to Plaintiffs' motion to dismiss without prejudice.  [Docket Item 28.]  Defendant requests that the action either be dismissed with prejudice or, alternatively, without prejudice but with the express provision that Plaintiffs be required to pay Defendant Wabash both costs and attorney's fees from the present action before being permitted to file a subsequent action based on or including the same claim against Defendant Wabash.  (Def. Opp'n to Pls. Mot. Dismiss at 1-2.)

  7. The motion by the Plaintiffs to dismiss an action after a defendant has answered and without consent of all parties is governed by Fed. R. Civ. P. 41(a)(2).  The decision whether to grant a Rule 41(a)(2) motion to dismiss without prejudice falls within the discretion of the Court.  Sinclair v. Soniform, Inc., 935 F.2d 599, 603 (3d Cir. 1991).  The Court should exercise this discretion with the aim of limiting voluntary dismissals that significantly prejudice the opposing party and, if necessary, imposing curative conditions to prevent such prejudice.  U.S. ex rel. Haskins v. Omega Inst., Inc., 11 F. Supp. 2d 555, 570 (D.N.J. 1998).  When considering the relevant prejudice against defendants of a Rule 41(a)(2) dismissal, courts in this Circuit have been primarily concerned with some plain legal prejudice other than the mere prospect of a second lawsuit.  In re Paoli

R.R. Yard PCB Litig., 916 F.2d 829, 863 (3d Cir. 1990).

8. In this case, there are two ways that granting Plaintiffs' motion without prejudice could potentially harm Defendant Wabash.  First, doing so after the expiration of the May 7, 2010 discovery deadline could undermine the Defendant's reliance on the Court's discovery schedule.  Second, granting Plaintiffs' motion exposes Defendant to the uncertainty and risk of Plaintiffs' filing a second lawsuit against it.

9. We believe that these concerns do not justify dismissing the action with prejudice, as they do not rise to the level of substantial prejudice beyond the prospect of a second lawsuit. The discovery undertaken by the parties on this issue does not appear to have been particularly difficult or costly, and did not extend unnecessarily beyond the Court-ordered discovery schedule. Additionally, Plaintiffs' motive in seeking the dismissal is not apparently based on forum shopping or other strategic advantage against Defendant Wabash.  To the extent that Defendant might be harmed in any way by the prospect of Plaintiffs filing a second action against them on these claims, the Court will limit that prejudice through a curative condition.  Thus, the Court will grant Plaintiffs' motion to dismiss the action without prejudice, subject to the conditions discussed below.

10. Rule 41(a)(2) gives the Court discretion to limit voluntary dismissal without prejudice "on terms that the court

4

considers proper." Fed. R. Civ. P. 41(a)(2).  In this case,
Defendant has requested that any voluntary dismissal without
prejudice be granted on the condition that Plaintiffs reimburse
Defendant Wabash for attorneys' fees and costs before Plaintiffs
are subsequently allowed to file any future action against
Defendant Wabash.  For support, Defendant points to Fed. R. Civ.
P. 41(d), which gives the Court discretion to order a plaintiff
to pay all or part of the costs of a previous action before
filing a new action based on or including the same claim against
the same defendant.  Requiring Plaintiffs to pay both costs _and_
attorneys' fees from the present action would seem to be overly
punitive in this case.  Much, and perhaps all, of the Defendant's
attorneys' work-product will be reusable in the event of a future
action filed against Defendant by Plaintiffs, and this condition
upon reopening would confer a windfall by shifting attorney fees
in a case where such fee shifting is not otherwise available,
merely because of a delay in amassing confirmatory evidence that
Defendant's truck was the cause of Plaintiff's injury.  The Court
will, however, condition Plaintiffs' right to reopen upon
Plaintiffs' payment of Defendant's costs as defined in 28 U.S.C.
§ 1920 (regarding taxation of costs).

    11. Finally, as a second condition on granting Plaintiffs'
motion to dismiss without prejudice, the Court will impose a time
limit on Plaintiffs' ability to file a future action against

Defendant Wabash based on or including the same claims against the same defendant.  In an effort to prevent Plaintiffs from unduly extending the life of their personal injury claims against Defendants beyond the normal two-year statute of limitations (see N.J. Stat. Ann. § 2A:14-2), and recognizing that the filing of the present case tolled the running of the limitation's period so that roughly one year remains,[3] the Plaintiffs' action will be dismissed without prejudice only until March 1, 2011, after which the dismissal will convert into a dismissal with prejudice.  This six-month window strikes a balance between the date when summary judgment may otherwise have been granted upon the present record in Defendant's favor (i.e., today's date) versus that date when the statute of limitations would otherwise expire if this action were permitted today to simply be dismissed without prejudice (i.e., August 24, 2011).

12. In sum, the action will be dismissed without prejudice until March 1, 2011, on the condition that, if Plaintiffs file an action against Defendant Wabash based on or including the same

---

[3] Assuming that Plaintiffs' cause of action accrued on October 15, 2008, a period of 372 days elapsed before the Complaint naming Wabash was filed on October 22, 2009, leaving 358 days remaining on the two-year statue of limitations under N.J. Stat. Ann. § 2A:14-2.  Under New Jersey law, filing a complaint and providing notice of the suit to a defendant within the limitations period, as in the present case, will toll the running of the statute of limitations, even in the more aggravated situation, not present here, of a lack of personal jurisdiction.  Jaworowski v. Ciasulli, 490 F.3d 331, 335 (3d Cir. 2007).

claims as the present action, they will be required to first pay Defendant Wabash's costs as defined in 28 U.S.C. § 1920.  Because the Court is granting Plaintiffs' voluntary motion to dismiss, which will terminate this action in its entirety, Defendant's motion for summary judgment [Docket Item 26] will be denied as moot. The accompanying Order will be entered.


**August 31, 2010**                    **s/ Jerome B. Simandle**
Date                                JEROME B. SIMANDLE
                                    United States District Judge